UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BANKS,

        Petitioner,

Case Number 10-14953
v.                            Honorable David M. Lawson

STEVE RIVARD,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Dennis Banks, presently in the custody of the Michigan Department of Corrections, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction of armed robbery, Mich. Comp. Laws § 750.529. A Saginaw County, Michigan jury found the petitioner guilty of that crime, and a circuit court judge sentenced him as a fourth habitual offender to a prison term of 15 to 23 years. The petitioner's sole issue on appeal is that the evidence is insufficient to convict him because the State failed to prove that he was armed with a dangerous weapon at the time he stole goods from a department store. The respondent has not answered the petition, but the Court finds from the petition and attachments that the petitioner is not entitled to relief. Therefore, the Court will deny the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

I.

The petitioner's conviction arises from a shoplifting incident at the Fashion Square Mall in Saginaw, Michigan on March 31, 2007. The Michigan Court of Appeals set forth the relevant facts as follows:

At the trial in this matter, Brandon McGraw testified that on March 31, 2007, he and Jose Deleon were working as loss prevention officers at the J C Penney store in the Fashion Square Mall. McGraw stated that loss prevention officers work in the store in plainclothes and act as though they are shopping. McGraw said that his attention was drawn to Banks, who was lingering around the cologne department, an area where the products are easily accessible, fairly expensive, and in the open. McGraw testified that he saw Banks pick up and place a bottle of cologne in a bag he was carrying. McGraw called Deleon for backup, and the two of them watched Banks walk past the cash registers and exit the store. McGraw said that he called and informed his supervisor of what was happening and the supervisor decided to review the store cameras. The supervisor testified that he reviewed the video and then called to the security officers that were pursuing Banks to confirm the theft.

McGraw testified that he and Deleon followed Banks into the parking lot and were deciding whether to approach him when McGraw received a call on his radio from the supervisor stating that they should apprehend Banks. McGraw indicated that Banks was walking toward a van that had two occupants in it, but as he got closer to the van, the van drove away. McGraw said that Banks turned around, saw him and Deleon, and then started moving faster toward the road. McGraw testified that he approached Banks and told him that he worked as a J C Penney loss prevention officer. McGraw told Banks that he thought he had some items that belonged to the store and asked that Banks come with him. McGraw said that he approached Banks, grabbed him by the shoulder, and Banks said, "Don't touch me" and swung the bag he was carrying, hitting McGraw in the head. Deleon testified that he then ran to McGraw as fast as he could in order to assist. McGraw testified that based on the way Banks used the bag, he believed that it was a dangerous weapon.

McGraw testified that Banks took off running, with the bag in hand, but McGraw was able to chase him and tackle him. McGraw testified that Deleon tried to handcuff Banks, but he continued to struggle. Eventually, McGraw said, Saginaw Township Police Officer Jay Pansing took Banks into custody. McGraw stated that after the incident, five bottles of cologne were found in the bag, and when J C Penney scanned them, it was confirmed that these bottles of cologne were the property of the store.

Officer Pansing testified that he interviewed McGraw, Deleon, and the supervisor. Officer Pansing wrote in his report that "the suspect turned and tried to strike [McGraw] with the bag," not that McGraw was actually struck. Officer Pansing stated, however, that he recalled McGraw telling him that he had been hit with the bag in the back of the head. Officer Pansing said that his report was intended to be a very general depiction of what occurred on March 3, 2007, since J C Penney had its own loss prevention department.

*People v. Banks*, No. 281325, 2009 WL 1027542 at *1 (Mich. Ct. App. Apr. 16, 2009) (unpublished).  These facts are presumed correct.  *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)).

A properly instructed jury convicted the petitioner of armed robbery and the trial court sentenced him to prison, as noted above.  The petitioner filed a direct appeal in the Michigan Court of Appeals raising the same sufficiency of evidence now issue presented on habeas review, but his conviction was affirmed.  *People v. Banks*, 2009 WL 1027542 at *1.  The Michigan Supreme Court denied leave to appeal.  *People v. Banks*, 485 Mich. 866, 771 N.W.2d 726 (2009).  The petitioner thereafter filed the present petition.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims.  *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).  Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable."  *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)).  Additionally, this Court

must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Williams v. Taylor*, 529 U.S. at 409.  The Court has "explained that an unreasonable application of federal law is different from an incorrect application of federal law.  Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must be objectively unreasonable.  This distinction creates a substantially higher threshold for obtaining relief than de novo review.  AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, __ U.S. __, __, 130 S. Ct. 1855, 1862, 1864-65 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached") (internal quotation marks and citations omitted); *see also*

*Knowles v. Mirzayance*, __ U.S. __, __, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme "Court has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (citing *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010).

The petitioner asserts that he is entitled to habeas relief because he was "deprived of his federal right to due process of law by being convicted of armed robbery where the evidence presented at trial was insufficient to show that the bag of cologne he possessed was a dangerous weapon." Ptn. at 2. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The critical inquiry on habeas review of the sufficiency of the evidence to support a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. [T]his inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted) (emphasis in original). A federal court may not reweigh the evidence or redetermine the credibility of the witnesses. *Marshall v. Longberger*, 459 U.S. 422, 434 (1983). "It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992)). A habeas court must defer to the fact finder for its assessment of the credibility of witnesses.

*Ibid.* The Court does not need to be convinced that the petitioner is actually guilty beyond a reasonable doubt. *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995).

The sufficiency of evidence "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n.16, and through the framework of 28 U.S.C. § 2254(d), *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Therefore, a court reviewing a claim of insufficient evidence on habeas review must accord "deference at two levels . . . first, to the jury's verdict as contemplated by *Jackson*, and, second, to the state court's consideration of the jury's verdict as dictated by AEDPA." *Parker v. Renico*, 506 F.3d 444, 448 (6th Cir. 2007) (internal citations omitted).

Armed robbery under Michigan law is a statutory offense. The applicable statute reads:

> A person who engages in conduct proscribed under section 530 [which defines robbery as a larceny by means of an assault upon the victim] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony punishable by imprisonment for life or for any term of years.

Mich. Comp. Laws § 750.529. The state courts construe this statute to define the elements of armed robbery as "(1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute." *People v. Johnson*, 206 Mich. App. 122, 123, 520 N.W.2d 672, 673 (1994).

The Michigan Supreme Court has explained that to establish the third element — the one the petitioner challengers here — there must be "some objective evidence of the existence of a weapon or article." *People v. Jolly*, 442 Mich. 458, 468, 502 N.W.2d 177, 181 (1993). "The existence of some object, whether actually seen or obscured by clothing or something such as a paper bag, is

objective evidence that a defendant possesses a dangerous weapon or an article used or fashioned to look like one. Related threats, whether verbal or gesticulatory, further support the existence of a weapon or article." *Id.* at 469-470, 502 N.W.2d at 182.

Michigan courts have construed the "weapon" element broadly to include not only harmless objects fashioned to fool the victim into believing that the assailant has a lethal weapon, but also objects benign in themselves that are used in a way that might inflict an injury. In *People v. Goolsby*, 284 Mich. 375, 279 N.W. 867 (1938), the state supreme court stated:

> Some weapons carry their dangerous character because so designed and are, when employed, per se, deadly, while other instrumentalities are not dangerous weapons unless turned to such purpose. The test as to the latter is whether the instrumentality was used as a weapon and, when so employed in an assault, dangerous. The character of a dangerous weapon attaches by adoption when the instrumentality is applied to use against another in furtherance of an assault. When the purpose is evidenced by act, and the instrumentality is adapted to accomplishment of the assault and capable of inflicting serious injury, then it is, when so employed, a dangerous weapon.

*Id.* at 378, 279 N.W.2d at 868-69. The question whether an article is a "dangerous weapon" under the statute in the circumstances of a particular case generally is left to the jury. *Jolly*, 442 Mich. at 469-70, 502 N.W.2d at 181-82.

The state court of appeals applied these rules when addressing the petitioner's sufficiency-of-evidence argument. Applying the *Jackson* standard, the court denied relief with these words:

> "The elements of armed robbery are: (1) an assault; (2) a felonious taking of property from the victim's presence or person; and (3) while the defendant is armed with a weapon." Banks only challenges the sufficiency of the evidence with respect to the third element. Banks specifically argues that he was neither armed with a dangerous weapon, nor did he use an instrument in a manner to lead any person to reasonably believe the instrument was a dangerous weapon.

> The factfinder should determine whether an object is a dangerous weapon based on the circumstances of the case. Whether an object is a dangerous weapon depends on the nature of the object and how it is used. Additionally, any item, otherwise

harmless in itself, that is used or fashioned in a manner to induce the reasonable belief that it is a dangerous weapon will be considered a dangerous weapon under MCL 750.529. However, the victim's belief that the defendant was armed must be objective and reasonable; merely a subjective belief is insufficient to support a conviction of armed robbery.

Here, there was evidence that Banks carried a bag containing five bottles of boxed cologne. McGraw and Deleon testified that Banks struck McGraw in the head with the bag containing the cologne. While not designed to be a dangerous weapon, the manner in which Banks used the bag containing the cologne effectively made the bag and its contents a dangerous instrumentality that could cause serious injury, particularly when aimed at McGraw's head. That McGraw did not suffer serious injury as a result of the blow is not dispositive. Further, McGraw testified that, based on the way Banks used the bag, he believed that it was a dangerous weapon. Deferring to the superior ability of the trier of fact to assess the credibility of witnesses and the weight of the evidence, a rational trier of fact could find from this evidence that it was reasonable for McGraw to believe that the bag bottles of cologne was a dangerous weapon.

*Banks*, 2009 WL 1027542 at *2 (headings and citation footnotes omitted).

That decision is neither contrary to nor an unreasonable application of *Jackson*. It is undisputed that the petitioner committed an assault and the felonious taking of property. The petitioner's sole challenge concerns whether he was armed with a dangerous weapon. According to the state court of appeals, the testimony at trial revealed that the petitioner possessed a bag containing five bottles of cologne, which he swung at Brandon McGraw, striking him in the head while attempting to flee the scene. McGraw said he believed the bag of cologne was a dangerous weapon. That testimony was sufficient to establish beyond a reasonable doubt that the petitioner was armed with a dangerous weapon during the commission of the robbery. The petitioner is not entitled to habeas relief on the ground that the jury should not have inferred that the bottle-filled bag was not a dangerous weapon because such determinations are not matters for federal habeas review. "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of

fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983). It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d at 618.

The petitioner asserts that the bag of cologne should not be considered a dangerous weapon under Michigan law. However, the state courts' interpretation of the statutory elements of the crime is well supported by state precedent, as noted above. Moreover, it is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief does not lie for perceived state law errors); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). The Michigan Court of Appeals' decision that a rational trier of fact could find the essential elements of armed robbery beyond a reasonable doubt was reasonable. Habeas relief is not warranted.

## III.

The state court decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is

**DENIED.**

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated:   December 28, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 28, 2010.

                 s/Deborah R. Tofil
                 DEBORAH R. TOFIL